

```
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2024 OCT 04 PM 2 59
CAROL L. MICHEL, CLERK
```

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**FELONY**

### INDICTMENT FOR FALSE STATEMENTS TO THE SMALL BUSINESS ADMINISTRATION AND FOR FALSIFICATION OF RECORDS IN A BANKRUPTCY CASE

**24-223**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. |
| v. | * | SECTION: **SECT. O MAG 1** |
| LATRICIA HOPE HAYNES MOLIERE | * | VIOLATIONS: 18 U.S.C. § 1001 |
| | | 18 U.S.C. § 1519 |
| * * * | | |

The Grand Jury charges that:

## COUNT 1
### (False Statements to the Small Business Administration)

**A.   AT ALL TIMES MATERIAL HEREIN:**

1. The defendant, **LATRICIA HOPE HAYNES MOLIERE**, was a resident of LaPlace, Louisiana, within the Eastern District of Louisiana.

<u>The Small Business Administration</u>

2. The United States Small Business Administration ("SBA") was an executive-branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic

```
✓ Fee ___USA
___ Process ___
X  Dktd ___
___ CtRmDep ___
___ Doc. No. ___
```

recovery of communities after disasters. As part of its efforts, the SBA provided business loans through banks, credit unions, and other lenders. Those loans had government backed guarantees.

### The CARES Act and Paycheck Protection Program

3. The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was a federal law enacted in or about March 2020. The CARES Act provided emergency financial assistance to the millions of Americans suffering the economic effects of the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

4. The PPP was overseen by the SBA, which had authority over all PPP loans. Individual PPP loans, however, were issued by approved private lenders, who received and processed PPP loan applications and supporting documentation and, following SBA approval, made loans using the lenders' own funds.

5. To obtain a PPP loan, a qualifying business had to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business, through its authorized representative, to acknowledge the program rules and to make affirmative certifications to be eligible for the PPP loan. For example, in the PPP loan application (SBA From 2483), the business, through its authorized representative, had to state its average monthly payroll expenses and number of employees. In addition, businesses had to provide documentation showing their payroll expenses, as part of the PPP loan application process. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

6.    Among the type of businesses eligible for a PPP loan were individuals who operated under a "sole proprietorship" business structure. In order to be eligible to receive such a PPP loan, individuals had to report and document their income and expenses from the sole proprietorship, as typically reported to the Internal Revenue Service ("IRS") on Form 1040, Schedule C, for a given year. The lending institution or loan processor used this information and documents to calculate the amount of money the individual was entitled to receive under PPP.

7.    Once a qualifying business completed a PPP application, a participating lender processed the application. If a PPP loan was approved, the participating lender funded the PPP loan using its own monies, which the SBA guaranteed. In the course of processing the PPP loan, the lender transmitted data from the loan application to the SBA, including information about the borrower, the total amount of the loan, and the identified number of employees.

8.    Itria Ventures, LLC was a participating financial technology lender in the PPP.

9.    Proceeds from a PPP loan were legally required to be used only for certain permissible business expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance. The interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on permissible items within a designated period of time and used a certain portion of the loan toward payroll expenses.

**B.    THE OFFENSE:**

On or about March 13, 2021, in the Eastern District of Louisiana, and elsewhere, the defendant, **LATRICIA HOPE HAYNES MOLIERE**, did knowingly and willfully make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the SBA, an agency within the executive branch of the United States, in that the

defendant falsely stated in her SBA Form 2483 PPP Borrower Application to Itria Ventures, LLC that she was a sole proprietor with an average monthly payroll of $8,041.00; however, in truth and in fact, the defendant then and there knew that she did not have monthly payroll in that amount and that the tax year 2020 Internal Revenue Service Form 1040 Schedule C that she submitted in support of her PPP Borrower Application was a false document, leading to her receipt of an SBA backed PPP loan of approximately $20,102.00, in violation of Title 18, United States Code, Section 1001.

## COUNT 2
### (Falsification of Records in a Bankruptcy Case)

A.   **AT ALL TIMES MATERIAL HEREIN:**

1.   A voluntary bankruptcy case is begun by the filing of a bankruptcy petition in the bankruptcy court, and the person who files a bankruptcy petition is a "debtor" under federal bankruptcy law.

2.   Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose her financial circumstances, including, among other things, assets, liabilities, and income from prior years. Assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in the name of another person or entity on behalf of the debtor.

3.   The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms called the "Schedules of Assets and Liabilities," and on a separate bankruptcy form called a "Statement of Financial Affairs." These forms are signed by the debtor under penalty of perjury.

4.   On Schedule A of the Schedules of Assets and Liabilities, the debtor is required to list all real property in which she has any legal, equitable, or future interest. On the Statement of

Financial Affairs, the debtor is required to disclose, among other things, the gross amount of income the debtor has received in recent years from employment, trade, profession, operation of a business, or any other source.

5. If a bankruptcy trustee is assigned to the bankruptcy case, she is responsible for the administration of the debtor's bankruptcy estate, including the identification and liquidation of assets and the distribution of proceeds to creditors. This process relies upon the debtor's disclosure of a true and accurate picture of her financial affairs. All debtors are required to attend a Section 341 Meeting of Creditors at which the debtor is placed under oath by the bankruptcy trustee and questioned about her financial affairs, including, but not limited to, the bankruptcy petition, the Schedules of Assets and Liabilities, and the Statement of Financial Affairs.

6. Bankruptcy provides debtors with an opportunity to obtain a fresh financial start through the discharge of their debts.

**B.    THE OFFENSE**

Beginning on or about May 3, 2021 and continuing until at least September 13, 2021, in the Eastern District of Louisiana, and elsewhere, the defendant, **LATRICIA HOPE HAYNES MOLIERE**, did knowingly alter, conceal, cover up, falsify, and make a false entry in the bankruptcy petition, schedules, and filings, with the intent to impede, obstruct, and influence the investigation and proper administration of a bankruptcy case filed under United States Code, Title 11, *In re: Latricia Moliere*, Case No. 21-bk-10610 (E.D.L.A.), by falsely stating in her bankruptcy petition that she had not filed for bankruptcy in the prior eight years; failing to disclose her receipt

of a PPP loan in the amount of $20,102.00; and filing a fraudulent receipt to justify her cash withdrawal, all in violation of Title 18, United States Code, Section 1519.

DUANE A. EVANS
UNITED STATES ATTORNEY

_____
MARIA M. CARBONI
Assistant United States Attorney

New Orleans, Louisiana
October 4, 2024

FORM OBD-34

No. _____

# UNITED STATES DISTRICT COURT

__Eastern__ District of __Louisiana__

__Criminal__ Division

## THE UNITED STATES OF AMERICA

vs.

## LATRICIA HOPE HAYNES MOLIERE

### INDICTMENT FOR FALSE STATEMENTS TO THE SMALL BUSINESS ADMINISTRATION AND FOR FALSIFICATION OF RECORDS IN A BANKRUPTCY CASE

**VIOLATIONS: 18 U.S.C. § 1001**
**S.C. § 1519**

_____
Foreperson

Filed in open court this _____ day of _____ A.D. 2024.

_____
Clerk

Bail, $ _____

_____
**MARIA M. CARBONI**
Assistant United States Attorney